In the Matter of the Estate of ANTONIO MANCINELLI, Deceased.

Surrogate's Court, Bronx County, March 2, 1936.

*John J. Ryan*, for the Bronx County Trust Company, executor.

*Sylvester W. Del Bello* for Angelina Mancinelli, widow, creditor.

*Alfred A. Navazio* [*William H. Schreiber* and *William B. Magid* of counsel], for Michael Mancinelli and Carmelo Mancinelli, objectants.

*Martin Benjamin*, for William A. Ward, creditor.

HENDERSON, S. The objections to the account are disposed of as follows:

1. Withdrawn.

2. The executor will be directed to pay the claim of the undertaker in full. The funeral arrangements were made with the consent of the objectants. The burial plot which consisted of two graves was purchased by the undertaker, but the deed to the plot was taken by the widow and she desires to retain her title to the plot. The entire purchase price should not be a charge upon the estate. The executor will retain the sum of $220 from the widow's distributive share on account thereof.

3. The widow received the decedent's automobile pursuant to section 200 of the Surrogate's Court Act. She claims reimbursement for storage charges which accrued after the decedent's death. The automobile was no part of the estate assets and the garage bill was the widow's personal obligation. Her claim is disallowed. (*Matter of Blowstein*, 147 Misc. 870, 873.)

4. Carmelo Mancinelli filed a proof of claim in the sum of $790. The claimant is a tailor and the brother of the decedent who was a city fireman. These two brothers lived together for many years and were close friends. The claim is for clothing furnished to the decedent from 1927 until 1933. Part of the claim would be barred by the Statute of Limitations were it not claimed on the hearing that there was a payment on account in September, 1934, which reduced the claim to $750. The materials were purchased from a third brother, who was paid therefor by the claimant. The widow testified that by direction of the decedent, she gave the claimant the money with which to purchase the material, and that the claimant offered to make the garments without cost to the decedent other than the price of cloth. The claimant was in modest circumstances. The decedent was steadily employed by the city of New York and had sufficient funds to meet his obligations. It is improbable that under the circumstances the claimant would expend his own money for material for his brother's clothes without reimbursement for over seven years. The claim is disallowed.

5. This objection involves the determination of the rights of the widow pursuant to her election under the provisions of the Decedent

Estate Law, section 18, subdivision 1. The second paragraph of the will purported to give to the widow certain benefits which she has not received and which are not part of the decedent's estate. The will then provides: " 3rd. All my other property, both real and personal, wheresoever located, and of every kind, I give in trust to the Bronx County Trust Company, a banking corporation of the County of Bronx, State of New York, for the benefit of my wife, Angelina, during her life, and said trustee will pay to my said wife, in monthly payments, the income from my said estate, until her death."

The net estate will approximate $3,000. The executor and the widow urge that she should receive $2,500 absolutely and a life interest in the balance. They base this contention on the fact that under the Decedent Estate Law, section 83, subdivision 4, the widow's intestate share is the entire estate, and that in computing the value of the provisions for her under the will, the capital value of the fund producing the income shall be taken. (Dec. Est. Law, § 18, subd. 1, ¶ g.) They claim that paragraph e applies in this case. The objectants contend that the widow is entitled to half of the net estate only.

Section 83 does not apply in computing the intestate share as those words are used in paragraph a of subdivision 1 of section 18.

Subdivision 1, paragraph a, provides: " (a) In exercising the right of election herein granted a surviving spouse shall in no event be entitled to take more than one-half of the net estate of the decedent, after the deduction of debts, funeral and administration expenses and any estate tax, *and the words ' intestate share ' wherever used in this section shall in no event be construed to mean more than one-half of such net estate.*"

The italicized words were not in the paragraph when section 18 was originally adopted. They were added by chapter 562 of the Laws of 1931, in effect April 21, 1931. The purpose of the amendment was to clarify the intention of the act and to remove any ambiguity which may have existed as to the meaning of " intestate share " as used in this section.

It follows that the " intestate share " of the widow herein is approximately $1,500, which brings this election within the provisions of paragraph c which provides: " (c) Where the intestate share of the surviving spouse in the estate does not exceed twenty-five hundred dollars, the surviving spouse shall have such right to elect to take his or her intestate share absolutely, which shall be in lieu of any provision for his or her benefit in the will."

The testator believed that his estate would be larger, for the remainder is bequeathed to two brothers, Michael and Carmelo.

Michael was to receive $3,000 and the " balance " to Carmelo. It was the intention of the testator to divide the fund among his relatives upon the termination of the widow's estate. By reason of her election, her estate has terminated. The remainders are accelerated, and since the remainder will be less than $3,000 and Michael Mancinelli is living, he will receive the balance of the principal of the trust fund. (*Matter of Devine,* 147 Misc. 273, 278.)

Settle decree.