In the Matter of the Estate of WILLIAM E. BALL, Deceased.

Surrogate's Court, Bronx County, September 27, 1939.

*Charles Rush*, for the Irving Trust Company and Jennie M. Ball, as executors, etc.

*Thomson & McGinty*, for Jennie M. Ball, individually.

*Christopher Steinkamp,* for The Wartburg Orphans' Farm School of the Evangelical Lutheran Church.

*John A. Dutton [Leone Pecoraro* of counsel], for the Trustees of the Masonic Hall and Asylum Fund.

*Burlingham, Veeder, Clark & Hupper [David G. Ashton* and *Ralph Higgins* of counsel], for the Henry Street Settlement.

*DeForest & Elder [Joseph V. Lane, Jr.,* and *Louis Kamainar* of counsel], for the Community Service Society of New York.

HENDERSON, S. The will made a bequest to the widow which according to the account, to which no objection has been made, was an automobile valued at $150. This she was entitled to pursuant to section 200 of the Surrogate's Court Act, in any event.

She was then made the beneficiary for life of the income from one-half of the residue, and the beneficiary during widowhood of the income from the other half of the residuary estate.

The remaindermen of each trust are four identical charities.

The widow filed a notice of election pursuant to section 18 of the Decedent Estate Law. She also filed a notice objecting to the validity of the testamentary disposition to the charities pursuant to section 17 of the Decedent Estate Law.

The sole question for determination is the extent of the respective shares of the widow and the charities under the statutes invoked by her.

The widow contends that the trust for her benefit during widowhood cannot be considered as a trust for life under section 17 and, in computing the sum for charity, makes no deduction for her interest therein. She cites *Matter of Byrnes* (260 N. Y. 465).

It is well settled that such a gift, which is subject to a condition subsequent, vests the entire estate in the grantee until the occurrence of the divesting condition, her remarriage. Therefore, the widow at the death of the testator and at the present time, the divesting condition not having occurred, is vested with a life estate, and the value of her life estate cannot be included in the computation of the sum given to charity by the will. *Matter of Byrnes (supra)* construed the language of section 18 of the Decedent Estate Law. Section 17 was not involved, but the general rule applicable to section 17 was stated at page 471: " Undoubtedly, at common law, an estate during widowhood is classed as an estate for life, determinable by remarriage (*Matter of Schriever,* 221 N. Y. 268; *Durfee* v. *Pomeroy,* 154 N. Y. 583; *Giles* v. *Little,* 104 U. S. 291)."

By reason of the widow's election pursuant to section 18, she is entitled to take $2,500 pursuant to paragraph (e) of subdivision 1

thereof. The charities concede that she should receive $2,350. They have deducted $150, which is the agreed value of the automobile. Such deduction is improper for the widow received the automobile as a matter of statutory right pursuant to the provisions of section 200 of the Surrogate's Court Act. Under the same section, she is further entitled to the sum of $300.

Whether the quantum of the decedent's estate which passes to charity is in excess of the maximum permitted by statute, is a matter of mathematical computation. Such allowable maximum is found by subtracting the debts from the gross estate and dividing by two. The widow's interest for the purposes of section 17 is $2,500 plus the value of a life estate in the balance of the net estate. Figured on that basis, the will does not violate the provisions of section 17 of the Decedent Estate Law.

Settle decree.