In the Matter of the Estate of WILLIAM C. F. PLASTER, Deceased.[*] HARLAN F. PLASTER et al., Petitioners; MONTGOMERY COUNTY TRUST COMPANY, as Executor of WILLIAM F. PLASTER, Deceased, et al., Respondents.

Surrogate's Court, Montgomery County, October 20, 1942.

*Jerome S. Lovenheim* (*Harry V. Borst* of counsel), for petitioners.

*Myers, Moore & McKee* (*W. Fenton Myers* of counsel), for respondents.

AULISI, S. William C. F. Plaster died on April 7, 1942, leaving a last will and testament dated November 9, 1937, which was duly admitted to probate by this court on May 1, 1942. By the terms of his will the testator gave to his son, Harry A. Plaster, who was his sole distributee, the entire income from his estate and upon the son's death, the estate was devised and bequeathed to St. Luke's English Lutheran Church of Amsterdam, N. Y., absolutely.

The son died intestate on May 25, 1942, leaving him surviving his widow, Margaret A. Plaster, and three children, Harlan F. Plaster, William H. Plaster, and Lillian M. Wagner, his only distributees. The three children have petitioned this court for a determination of the validity, construction and effect of testator's will insofar as the same attempts to dispose of his property to said church in excess of one-half thereof after the payment of his debts.

It is contended by the petitioners that they are "descendants" of the testator within the meaning of section 17 of the Decedent

---

[*] Affd. 266 App. Div. 439.

Estate Law (Cons. Laws, ch. 13) and while the court's sympathy is with them, it is of the opinion that their contention is untenable. The question is interesting and, so far as the diligence of counsel and the independent research of the court have disclosed, novel.

It has been uniformly held that section 17 of the Decedent Estate Law, as existing prior to the amendment by chapter 229 of the Laws of 1929, could be questioned by any person who would benefit by the application of its terms, irrespective of whether or not the objector was within the class of persons expressly named in the statute. (*Decker* v. *Vreeland,* 220 N. Y. 326; *Matter of Mosley,* 138 Misc. Rep. 847; *Matter of Smallman,* 141 Misc. Rep. 796; *Matter of Sloat,* 141 Misc. Rep. 710.) The sole purpose of the section was to place a limitation on the right of the testator to devise.

Judge VANN stated in *Amherst College* v. *Ritch* (151 N. Y. 282, 334) that "the State has no policy against institutions of charity or learning. Throughout its history it has shown a deep interest in promoting such objects and in encouraging its citizens to help them. Aid to education has always been a prominent feature in its legislation. Never has it repelled and uniformly has it invited the co-operation of individuals and corporations to that end. * * * 'It is not against public policy to allow gifts to charitable, benevolent, scientific or educational institutions. The law allows and encourages such gifts and those who make them are commended as the benefactors of their race. * * *' ( *Hollis* v. *Drew Theological Seminary,* 95 N. Y. 166–172.)"

The section continued in much the same form until the revision of the Decedent Estate Law by the Commission to Investigate Defects in the Laws of the Estates which resulted in the enactment of chapter 229 of the Laws of 1929, providing that no person survived by a spouse, child, descendant or parent shall give more than one-half of the estate to charity and that "The validity of a devise or bequest for more than such one-half may be contested only by a surviving husband, wife, child, descendant or parent." The purpose of the 1929 amendment is clearly stated in the note of the Commission submitted to the Legislature at the time of the introduction of the bill. This was that *"only those whose survivorship furnishes the ground for an objection to the will shall have the right to object."* (Combined Reports, Dec. Est. Comm. [1928–1933] p. 185; Leg. Doc. No. 62, [1929].)

The son of the testator was the only person entitled to be cited on the probate and he having failed to object to the pro-

visions of the will during his lifetime, the right to file same does not survive him and his executor or administrator has no right to contest. (*Matter of Sonderling*, 155 Misc. Rep. 403.)

The question thereupon arises as to whether the petitioners are descendants within the meaning of section 17. The word "descendant" as generally used by the layman has reference to genealogy, or the succession of persons in the family relation, and has no necessary connection with the laws of inheritance. Land descends, in certain cases, from a son to his father, and from a man to his brother, but this does not prove that the father is the descendant of his son, or the brother of this brother in any possible sense. (*Van Beuren* v. *Dash*, 30 N. Y. 393, 422.) But according to its accurate lexicographical and legal meaning the word "descendant" means only the issue of a deceased person, and does not describe the child of a parent who is still living. (*Hillen* v. *Iselin*, 144 N. Y. 365, 374.)

The word as used by the statute does not include any relative to whom in some possible contingency property may descend. Its true meaning is, one who takes immediately from an ancestor by operation of law as an heir on the death of his ancestor and is limited to living children of the testator and to lineal descendants of deceased children. In adding the word "descendant" to section 17 the Legislature intended to protect only the natural objects of a testator's bounty and such could only include a child of a deceased child.

The petitioners are considered the natural objects of the bounty of Harry A. Plaster, and therefore, not intended by the statute to be included in the favored class on the date of the death of the testator.

This leads us to the contention of the petitioner that the right to file objections must be decided as of the time of the filing of the same. If this is sound, then no person interested in an estate would ever be safe because remote relatives of the testator many, many years after his death could raise the question and clearly that is not what the statute intended. The will speaks of the date of the death of the testator, as do all questions as to who were and are his heirs at law, next of kin, descendants, and distributees, and as to all questions relating to his estate. (*St. John* v. *Andrews Institute*, 191 N. Y. 254; *Matter of Tone*, 186 App. Div. 361; affd., 226 N. Y. 696.)

I therefore conclude that the petitioners were not descendants of the testator at the time of his death, that no violation of section 17 of the Decedent Estate Law exists and that the terms of the will must stand.

An order may be submitted, on notice, accordingly.