In the Matter of the Will of WILLIAM C. F. PLASTER, Deceased. HARLAN F. PLASTER et al., Appellants; ST. LUKE'S ENGLISH LUTHERAN CHURCH et al., Respondents.

Third Department, June 30, 1943.

*Jerome S. Lovenheim* (*Harry V. Borst* of counsel), for appellants.

*Myers, Moore & McKee* (*W. Fenton Myers* of counsel), for respondents.

HEFFERNAN, J. This proceeding was instituted by petitioners for a construction of the will of William C. F. Plaster, deceased. They are asking us to say that the testamentary provisions are in violation of section 17 of the Decedent Estate Law in that testator has devised more than one half of his estate, after the payment of debts, to a religious corporation.

Testator died April 7, 1942, leaving a last will and testament dated November 9, 1937, and a codicil thereto dated July 15, 1938. Testator left surviving a son, Harry A. Plaster, his only distributee, who died intestate on May 25, 1942. The petitioners are the children of this son and the grandchildren of the testator.

The will and codicil of testator were admitted to probate by the Surrogate of Montgomery County on May 1, 1942, and letters testamentary were issued to the Montgomery County Trust Company, the executor named therein. The son was cited in the probate proceeding but failed to appear in person or by counsel. During the few weeks he survived his father he made no attempt to question the validity of the latter's will.

Testator's will and codicil, after directing the payment of his debts and funeral expenses, devised and bequeathed to the Montgomery County Trust Company the residue of his estate as a trust fund for the benefit of his son during the latter's lifetime. After the son's death and after the payment of his burial expenses, the balance of the estate was devised and bequeathed to St. Luke's English Lutheran Church, a religious corporation, at Amsterdam, N. Y.

A question of law only is presented for decision. The solution of that question involves the interpretation of section 17 of the Decedent Estate Law as amended by chapter 229 of the Laws of 1929, the pertinent provisions of which are: " No person having a husband, wife, child, or descendant or parent, shall, by his or her last will and testament, devise or bequeath to any * * * religious * * * * corporation * * * more than one-half part of his or her estate, after the payment of his or her debts, and such devise or bequest shall be valid to the extent of one-half, and no more. The validity of a devise or bequest for more than such one-half may be contested only by a surviving husband, wife, child, descendant or parent."

The first sentence of the statute contains a prohibition and the second limits the class of persons who may avail themselves of a violation of the prohibition. Petitioners assert, and respondents do not deny, that the will before us violates the quoted provisions of the statute. The contention of the respondents is that petitioners are not within the class of persons who may take advantage of the violation.

The prohibition contained in the statute is a limitation upon the right of a testator to dispose of his property in accordance with his own inclinations and desires. It should, therefore, be strictly construed against those seeking to invalidate testamentary provisions. The Legislature evidently intended that the privilege conferred by this section upon a favored class should be restricted. The language used may not be enlarged by judicial construction.

At the time of testator's death the only person who could question the provisions of his will was his son, his only distributee. That was a right purely personal to the son.

The principal argument of petitioners is that they are descendants of the testator. Of course they are his grandchildren and in a popular sense his descendants. We think the word " descendant " used in the statute clearly refers to the issue of a deceased child of a testator at the time of the latter's death and does not include the children of a parent who is still

living. We think the Surrogate correctly held that petitioners have no standing to maintain this proceeding. The cases cited by counsel which arose under this section of the Decedent Estate Law prior to its amendment are not helpful.

The result in the case before us is rather harsh upon the grandchildren. In the brief time which their father survived their grandfather he failed, for reasons unknown to us, to question the provisions of the will. His children may not now assert that right. Even if testator's death occurred a matter of hours, minutes or even seconds before that of his son, thus affording the latter no opportunity to challenge the will, we think the result would be the same. Under such circumstances the remedy lies in the Legislature and not in the courts. We do not make the law; we merely interpret it.

The order appealed from is, therefore, affirmed but, under the circumstances, without costs.

HILL, P. J., CRAPSER and SCHENCK, JJ., concur; BLISS, J., concurs in the result.

Order affirmed, without costs.