Collins, S.
This is a proceeding for construction of the will and for advice and directions.
The testator created a trust with a corpus comprised of the stock of the publishing companies of which he had been the proprietor. Its term was measured by the lives of his sons Herbert Pulitzer and Joseph Pulitzer, Jr., with the income payable in varying proportions to each of these individuals, to a third son Ralph Pulitzer, now deceased, and finally to such of the principal editors and managers of the newspaper enterprise as were selected by the trustees. Herbert Pulitzer is presently alive and the trust still continues. The recent death of his brother Joseph Pulitzer, Jr., underlies the institution of this proceeding in which the court is asked to determine the membership of the class entitled to share in the income which had been payable to the latter during his lifetime.
Joseph Pulitzer, Jr., was survived by his sons, Joseph Pulitzer, III, and Michael Edgar Pulitzer, and by his daughters, Kate D. Quesada and Elinor Hempelmann. Both Joseph Pulitzer, in, and Michael Pulitzer are fathers and Mrs. Quesada the mother of living male children. Mrs. Hempelmann is childless. Against this factual background the court is to interpret the provisions of the will set forth below describing the manner in which the income from the trust formerly payable to Joseph Pulitzer, Jr., is now to be distributed.
“ (3) * * * If any sons surviving me shall die before the expiration of the ‘ trust term ’ the shares of stock of said Com *878 panies held for the benefit of such son, shall continue to be held during the ‘ trust term ’ and the income therefrom shall be paid to his surviving male descendants per stirpes and not per capita, or in default of such male descendants to my then surviving son or sons and the male descendants of any son then deceased per stirpes and not per capita.”
It is the contention of the special guardian for the infant sons of Mrs. Quesada that his wards qualify as male descendants of Joseph Pulitzer, Jr., their maternal grandfather, and hence are entitled to participate in future distributions of income. Michael Pulitzer, one of the living sons of Joseph Pulitzer, Jr., concededly qualifying as an income beneficiary, disputes the right of his sister’s children to share. He is joined in this position, though for somewhat different reasons than those he urges in his own support, by the special guardian appointed to represent all of the infant male descendants of Joseph Pulitzer other than the Quesada children.
Within the meaning of the quoted text the sons of Mrs. Quesada may be described as male descendants of her father Joseph Pulitzer, Jr., though they trace their relationship to him through a female ancestor. The main current of American authority supports this construction of the words employed by the testator though a few of the English cases are to the contrary. (See Beckam v. De Saussure, 9 Rich. Law [So. Car.] 531 [1856]; Wistar v. Scott, 105 Pa. 200 [1884]; Rasquin v. Hamersley, 152 App. Div. 522; Willis v. Sterling, 224 App. Div. 647, and Oddie v. Woodford, 3 Myl. & Cr. 584 [1821].) To give effect to the testator’s use of the words male descendants ” so as to include the sons of his son’s daughter does not furnish the final answer to the question at issue, however, for he directed that the income was payable to male descendants per stirpes.”
It is argued that the fact that Mrs. Quesada is still living deprives her sons of the right to share in the income because a stirpital disposition connotes distribution to a class whose immediate ancestor is dead. Cited in support of this contention is the decision in Matter of Plaster (179 Misc. 80, affd. 266 App. Div. 439) where the court said (p. 82):
££ But according to its accurate lexico-graphical and legal meaning the word descendant ’ means only the issue of a deceased person, and does not describe the child of a parent who is still living. (Hillen v. Iselin, 144 N. Y. 365, 374.)
£ 1 The word as used by the statute does not include any relative to whom in some possible contingency property may descend. Its true meaning is, one who takes immediately from an ancestor *879 by operation of law as an heir on the death of his ancestor and is limited to living children of the testator and to lineal descendants of deceased children. In adding the word 1 descendant ’ to section 17 the Legislature intended to protect only the natural objects of a testator’s bounty and such could only include a child of a deceased child.”
I find no conflict between the reasoning of the cited case and the adoption of the result urged in the case at bar which would permit the Quesada infants to share. As the court there said, the true meaning of the word “ descendant ” is “ one who takes immediately from an ancestor by operation of law as an heir on the death of his ancestor and is limited to living children of the testator and to lineal descendants of deceased children ’ ’. The Quesada infants are lineal descendants of their ancestor Joseph Pulitzer, Jr., and take by operation of the will a share in the trust immediately upon his death. The fact that their mother survives does not require the court to hold that they are disqualified for they would not take from her in any case, the testamentary instructions having been drawn without reference to her existence or death. In this view Matter of Plaster supports rather than contradicts the decision here reached that distribution of income is to be made, so long as conditions and circumstances remain as they are, in thirds — one to Michael Pulitzer, one to Joseph Pulitzer, III, and one-half share each to Thomas and Peter Quesada. No direction is made at this time as to such changes as might result upon the birth of additional male children to the issue of Joseph Pulitzer, Jr., during the term of the trust nor to the effect of the death of any such individual.
The court holds that the dividend of $5 a share on the stock of the Press Publishing Company is payable to the estate of the deceased life beneficiary Joseph Pulitzer, Jr., whose death occurred subsequent to the date fixed for determination of the stockholders entitled to payment.
The court holds further that the trustees are entitled to one full commission each during the period when three trustees were acting and to three quarters of a full commission each during the period while four trustees were acting.
Submit decree on notice construing the will in accordance with the foregoing.