Maximilian Moss, S.
Under paragraph “ sixth ” of the will testator bequeathed to a friend all of his personal effects including, but not limited to, any automobile that he might own at the time of his decease. Petitioner alleges that the widow and said legatee both claim testator’s automobile which, is being held by the Police Department subject to accruing storage charges. Petitioner alleges further that the widow was separated from testator but not under a separation agreement or by reason of abandonment.
Petitioner requests a determination as to ownership of the automobile. The legatee was cited in this proceeding but did not appear. In view of the uncontradicted allegations, the court determines that the widow has an absolute right to the automobile as exempt property pursuant to subdivision 3 of section 200 of the Surrogate’s Court Act (Matter of Jacobs, 154 Misc. *853 362; Matter of Curley, 160 Misc. 844; Matter of Ball, 172 Misc. 181).
The other question submitted is whether the storage charges on said automobile are to be deemed a debt of the estate or should be borne by the party entitled to said automobile. Since testator’s automobile was not part of the assets of the estate and passed to the widow at testator’s death, its upkeep and storage would normally be the widow’s problem (Matter of Mancinelli, 158 Misc. 605). However, a personal representative should deal with exempt property only to the extent of facilitating the transfer of the property to the beneficiary thereof (4 Jessup-Redfield, Surrogates’ Law and Practice, § 3028). This should be accomplished without unnecessary delay. Where due diligence has not been pursued, storage charges which have accrued should not be charged to the widow. Immediate steps should be taken to stop further accrual of the charges, and to effect delivery of the automobile to the widow (Surrogate’s Ct. Act, § 206-a).