William J. Regam, S.
In this judicial settlement proceeding the court has been asked to determine the manner of computation and the effect of the exercise by Theresa Abel, mother of the decedent, of her rights under BPTL 5-3.3. This section reads in part: ‘ ‘ Limitations on testamentary dispositions for charitable and other purposes, (a) A person may make a testamentary disposition of his entire estate to any person for a benevolent, charitable, educational, literary, scientific, religious or missionary purpose, provided that if any such disposition is contested by the testator’s surviving issue or parents, it shall be valid only to the extent of one-half of such testator’s estate, wherever situated, after the payment of debts, subject to the following ”.
During the time in the past few years that the laws relating to estates were being revised and incorporated into the BPTL and SCPA one of the major questions was how to deal with former section 17 of the Decedent Estate Law. At one time the revisers proposed to delete this section entirely and substitute therefor one which left to the court’s discretion relief for unprovided-for dependent children. In the final analysis, however, former section 17 of the Decedent Estate Law, was reinstated as BPTL 5-3.3 with several new features updating and modernizing the same. For example, the contesting party must now be one who will benefit pecuniarily from a successful contest. The right to share after a successful contest is available solely to those who actively participate and only in the amount they would be entitled to had all interested persons actively participated. Another important change requires a ratable abatement of all dispositions that are affected by a successful contest, without regard to the specific, general or residuary character of any such disposition. The surviving spouse has been eliminated as a person authorized to contest, inasmuch as.the spouse is sufficiently protected against disinheritance under BPTL 5-1.1 the ‘ ‘ right of election ’ ’ statute. Incidentally, under that statute the spouse’s elective share is one third or one half of the net estate, deducting debts, funeral and administration expenses.
As suggested by counsel for the contestant, the mother herein, the revisers did recommend that the statute apply to the estate of decedent after debts and after funeral and administration *565 expenses so that a contesting party benefiting under this statute would not be obligated to pay such expenses to the charities’ advantage. However, the Legislature did not make that change. The difference still remains between EPTL 5-3.3 and EPTL 5-1.1 with regard to the basis for computation of shares.
It was made clear that it is consonant with the policy of this State for a testator to dispose of his entire estate for the stated charitable and other purposes. (Trustees of Amherst Coll. v. Hitch, 151 N. Y. 282, 334; Matter of Plaster, 179 Misc 80, affd. 266 App. Div. 439, affd. 293 N. Y. 822.)
The paragraph of this statute quoted at the outset must be strictly construed. This court can take no liberties with it. ‘1 Debts ’ ’ means debts; and administration and funeral expenses are not to be considered in reduction of the gross estate for the computation of the 50% limitation to charities.
In this case it is conceded that the residuary bequest to the Shriners Hospital for Crippled Children is one contemplated in EPTL 5-3.3 and that it does exceed 50% of the testator’s estate after payment of debts. In determining whether the amount of a decedent’s estate which passes to charity'is in excess of the maximum permitted by section 17 of the Decedent Estate Law, the allowable maximum is found by subtracting the debts from the gross estate and dividing it by two. (Matter of Ball, 172 Misc. 181, 183.)
Because it is a residuary gift the parties in interest are the intestate distributees. The contestant here is the mother of the decedent, who is the sole intestate distributee.
Doubts have arisen as to the method of computation.
Where charitable corporations are made residuary legatees of an estate affected by section 17 of the Decedent Estate Law and the residuary estate amounts to more than one half of the testator’s whole estate, the residuary legatees are by reason of said section general legatees, the excess over the amount of the legacies to the corporations is the residuary estate and must bear the expense of administration, and the Surrogate may order the immediate payment of the legacies to the corporations up to the amount allowed by this section, namely, one half of the estate. (Matter of Brooklyn Trust Co., 179 App. Div. 262.)
Where testator, being survived by mother, violated section 17 of the Decedent Estate Law by giving residuary estate, which exceeded one half of estate, to charity, effect of said section was to change charitable gifts into fixed sum equaling one half of estate, less debts, and other one half must bear all administration expenses, payment of noncharitable legacies, taxes, and other burdens, and what was left as such one half at termina *566 tion of trusts constituted residue passing to mother as sole next of kin; residuary estate being, as word implies, what may be left. (Matter of Sonderling, 155 Misc. 403.)
Where, by reason of invalidity of dispositive provisions of will, gift of residuum for charitable purpose violated section 17 of the Decedent Estate Law, charitable gift became general legacy of one half of net estate, and balance of estate, less legacies to individuals, attorneys ’ fees and -other administration expenses, passed as intestate property. (Matter of Howell, 146 Misc. 169.)
Warren’s Heaton, Surrogates’ Courts (vol. 48, § 406, par. 14, subd. [f ]) has a section entitled, ‘ ‘ Examples of computations ’ ’ and Example III is analogous to the case before us and follows our holding herein.
The court has considered the $1,000 bequest to the Delta Tau Delta Fraternity as one not falling within this section.
Concluding, 50% of the gross estate, less debts, is the amount payable to the Shriners Hospital for Crippled Children. This, then, becomes a general bequest of a specified amount. The balance, the second 50%, is now subject to payment of funeral, administration expenses, and legacies, and whatever remains will be the share of Theresa Abel, the sole intestate distributee.