ESTATE OF CARL THEODOR GEORG, Deceased

## Probate No. 37-1966

**ELSA EMMA CALLWOOD, Contestant**

**v.**

**CONGREGACION RELIGIOSA HERMANAS MERCEDARIAS DE LA CARIDAD INCORPORADA, Proponent**

## Civil No. 344-1966

## District Court of the Virgin Islands
Div. of St. Thomas and St. John

## April 24, 1969

*See, also, 298 F.Supp. 741*

GEORGE H. T. DUDLEY, ESQ., *for estate of Georg*

BAILEY, WOOD and ROSENBERG, ESQS. (WILLIAM W. BAILEY, ESQ., of counsel) *for contestant*

GEORGE H. T. DUDLEY, ESQ., and ALPHONSO A. CHRISTIAN, ESQ., *for proponent*

STALEY, *Circuit Judge*
(Sitting by Designation)

STALEY, *Circuit Judge*

Doctor Carl Theodor Georg died on June 11, 1966, in the city of San Pedro de Macoris in the Dominican Republic. He left a will dated June 9, 1965, in which he designated the Congregacion Religiosa Hermanas Mercedarias de la Caridad Incorporado, a religious congregation organized under the laws of the Dominican Republic, "as my only universal heir and legatee to all my personal property, real estate, rights and debts claimed by me, without any reservation whatsoever and whatever their nature may be and wherever they may be situated." He further stated in the will that "it is my desire that the said Religious Congregation take possession, in full ownership, immediately after my death, of all my property, of which I can freely dispose because I have neither descendants nor ancestors."[1]

Following the death of Doctor Georg, the religious congregation (hereinafter "proponent"), through its attorney in the Dominican Republic, executed a power of attorney empowering a Virgin Islands law firm to take all necessary steps to effect the transfer to proponent of all the real and personal property owned by Doctor Georg on the Island of St. Thomas. Pursuant to this authority, George H. T. Dudley, Esquire, a member of the firm, petitioned for and succeeded in getting Doctor Georg's will admitted to probate in this court. Letters Testamentary, C.T.A., were issued to Mr. Dudley, and he was duly appointed Administrator C.T.A. for Doctor Georg's estate in the Virgin Islands.

On November 25, 1966, Elsa Emma Callwood, a sister of the testator, filed a declaration of contest in this court

---

[1] Decedent's will was written in Spanish and was translated into English by the Judicial Interpreter of the Court of Appeals of Santo Domingo, Dominican Republic.

contending, *inter alia*, that since the testator did not comply with a particular provision of the Civil Code of the Dominican Republic before he executed his will, the will is invalid and of no effect and the decedent must be deemed to have died intestate. Testator's sister was eventually joined in the contest by testator's three nephews, two nieces, and three grand nephews. Responding to the contest, proponent filed a dual motion to dismiss the contest and for an accounting. A hearing was held on the motion on October 10, 1967, and on January 18, 1968, the district judge entered an order which stated in pertinent part:

"The record to date reflects that the bulk of decedent's estate is located in the U.S. Virgin Islands.

"The primary thrust of the contest is based upon the proposition that under the laws of the Dominican Republic the will is invalid and of no effect and that it cannot therefore be offered for ancillary administration in the Virgin Islands.

"At the present time, it appears that the validity of the will is being tested before the Courts of the Dominican Republic. This Court feels that the final result of those adjudications is relevant to the status and effect of the will in the Virgin Islands and that proponent's motion to dismiss the contest is premature.

"The motion to dismiss will therefore be denied and all proceedings in this Court will be stayed until such time as the Courts of the Dominican Republic have entered a final judgment concerning the validity of the will."

On January 3, 1969, proponent filed another motion to dismiss the contest and for an accounting which the Court is now treating as a motion to reconsider its order of January 18, 1968.

The first issue presented by the motion is whether the court previously erred in holding that the proceedings herein must be stayed until the courts of the Dominican Republic have made a final decision as to the validity of the will under the Dominican Republic's law. The court thinks that it did so err with respect to the disposition

of testator's real property situated in the Virgin Islands. Title 15 V.I.C. § 38, provides in relevant part:

"The validity and effect of a testamentary disposition of real property, situated within the Virgin Islands, or of an interest in real property so situated, which would descend to the heir of an intestate, and the manner in which such property or such an interest descends, where it is not disposed of by will, are regulated by the laws of the Virgin Islands, without regard to the residence of the decedent. Except where special provision is otherwise made by law, the validity and effect of a testamentary disposition of any other property situated within the Territory, and the ownership and disposition of such property, where it is not disposed of by will, are regulated by the laws of the State or country, of which the decedent was a resident, at the time of his death. * * *"

■ ■ Thus it is clear that distribution of testator's real property in the Virgin Islands, or any interest in real property so situated, must be governed by the laws of the Virgin Islands. Equally clear under the above statute is that distribution of testator's personal property in the Virgin Islands, absent some special provision in the Virgin Islands law to the contrary, depends upon the as yet undecided will contest in the Dominican Republic. The court is presently unaware of any contrary provision in the Virgin Islands law, and therefore it holds that Dominican Republic law must control the distribution of decedent's personal property in the Virgin Islands.

■ ■ Contestants insist that if testator's will was not executed in accordance with the requirements of Dominican Republic law, the will is a nullity ab initio and of no effect. This contention, as regards testator's real property in the Virgin Islands, not only flies directly in the teeth of section 38, but it also conflicts with the almost universally accepted principle that questions concerning the required form of a will of an interest in land and the manner of its execution are determined by the law of the state where the land is situated. Restatement, Conflict of Laws § 249,

Comment *a*; Restatement (Second) of Conflict of Laws § 249, Comment *a* (Tent. Draft No. 5, 1959); 16 Am. Jur. 2d Conflict of Laws § 57 (1964). And it is this court's interpretation of Virgin Islands law that wills which are executed outside of the Virgin Islands may be admitted to probate in the Virgin Islands if they are executed in accordance with either the laws of the Virgin Islands, the laws of the place of execution, or the laws of the place of testator's domicile. See 15 V.I.C. §§ 15, 16. Since the will in question was executed in accordance with Virgin Islands law, see 15 V.I.C. §§ 2, 13, it was properly admitted to probate.

■ The court must next determine whether the contestants herein, *i.e.*, testator's sister, nieces and nephews, and grand nephews, are competent under 15 V.I.C. § 9 to contest decedent's disposition of more than one-half of his estate to proponent. This is a crucial question because if none of the contestants are competent to object, all of decedent's real property in the Virgin Islands will go to proponent. Section 9 provides in part:

"No person having a husband, wife, child, or descendant or parent, shall, by his or her last will and testament, devise or bequeath to any benevolent, charitable, literary, scientific, religious or missionary society, association, corporation or purpose, in trust or otherwise, more than one-half part of his or her estate, after the payment of his or her debts, and such devise or bequest shall be valid to the extent of one-half and no more. The validity of a devise or bequest for more than such one-half may be contested only by a surviving husband, wife, child, descendant or parent. * * *"

Obviously, under the language of section 9, supra, contestants are competent to object only if they qualify as "descendants" of the testator. As pointed out in the revision note following section 9, the statute was modeled after section 17 of the New York Decedent Estate Law, and it

is therefore appropriate that we turn to New York law for guidance.

In In re Plaster's Estate, 37 N.Y.S.2d 498, 179 Misc. 80 (1942), the Surrogate's Court held that a grandson of the testator was not a descendant within the meaning of the statute because his father (the testator's son) was alive when the testator died. The court stated:

"The word used in the Statute does not mean any relative to whom in some possible contingency property may descend. Its true meaning is, one who takes immediately from an ancestor by operation of law as an heir on the death of his ancestor and is limited to living children of the testator and to lineal descendants of deceased children. * * *" 37 N.Y.S.2d at 501.

This view of the Surrogate's Court was sustained on appeal. Matter of Plaster's Will, 266 App. Div. 439, 441, 43 N.Y.S. 2d 1, 3, aff'd 293 N.Y. 822, 59 N.E.2d 181 (1944). But an even more helpful case is that of In re Holyland's Will, 116 N.Y.S.2d 628 (1952), where the issue was whether a first cousin could qualify as a descendant under section 17 of the Decedent Estate Law. In holding that the cousin did not qualify, the Surrogate's Court reiterated its view that the term "descendant" meant lineal descendants and observed that:

"* * * it has been held that a brother, sister, nephew and niece, being distributees, have no right to object to a will under section 17 of the Decedent Estate Law. * * *" 116 N.Y.S.2d at 631.

See also, In re Gardiner's Will, 191 N.Y.S.2d 520 (1959); and In re Pulitzer's Estate, 148 N.Y.S.2d 387 (1955).

■ Of course this court is not bound by the interpretation that New York courts have placed upon their statute, but inasmuch as the relevant parts of both statutes are identical and inasmuch as the Virgin Islands Legislature consciously modeled its statute after New York's, the court finds New York's interpretation of the term "descendant" highly persuasive. Furthermore, the court

believes that the only proper meaning attributable to the term "descendant" as it appears in section 9, is that which embraces only lineal heirs.[2] This interpretation may seem unfair to the contestants, but it is not the court's function to legislate by torturing the meaning of words in order to achieve a result that some may deem desirable. The Virgin Islands Legislature enacted this statute, and only that body may amend the statute to allow collateral relatives to contest a will under section 9.

■ Contestants have previously relied very heavily upon Rule 24 of the Rules of the District Court, 5 V.I.C. App. V, R. 24, which states in part:

"Any person claiming any interest in an estate may, at any time before final order of distribution, file a pleading designated 'Declaration of Contest,' wherein he shall set forth his interest in the estate and the nature and basis of his objection to the document or documents offered as the will of the testator. . . ."

This rule, however, merely governs the practice in the district court. It was promulgated by the court itself, not by the legislature. As evidenced by the present case, it clearly conflicts in some of its aspects with 15 V.I.C. § 9. Insofar as it conflicts with section 9 it is void and of no force.

---

[2] Black's Law Dictionary 530 (4th Ed. 1951) defines "descendant" as

"One who is descended from another; a person who proceeds from the body of another, such as a child, grandchild, etc.; to the remotest degree. . . ."

Bouvier's Law Dictionary, Vol. 1 at 852 (3rd Rev., 8th Ed. 1914) defines "descendants" as

"Those who have issued from an individual, including his children, grandchildren, and their children to the remotest degree. . . ."

In Re Gilbert's Estate, 307 P.2d 395 (1957), presents a factual situation somewhat analogous to the instant case. In Gilbert cousins of the testatrix sought to invalidate her will under a statute which limited the right to object to a charitable bequest or devise executed within 30 days of death to a "spouse, brother, sister, nephew, niece, descendant or ancestor." The court held that the contestants were neither descendants nor ancestors, stating:

"The words descendant and ancestor were intended to be given their commonly accepted definitions. Descendants are children, grandchildren and their children to the remotest degree. Ancestors are those who have preceded another in a direct line of ascent. Bouv. Law Dict., Rawle's Third Revision; Black's Law Dictionary, 4th Ed., 1951. . . ." 307 P.2d at 403.

In view of the foregoing discussion, the court holds that contestants are incompetent to contest the validity of this will and the court will grant proponent's motion to dismiss the contest and to furnish proponent with an accounting of the administration of the property of the estate from the date of decedent's death to the present. Probation proceedings with regard to decedent's real property in the Virgin Islands are no longer stayed and they should proceed immediately. Probation proceedings with regard to decedent's personal property in the Virgin Islands must be stayed until the courts of the Dominican Republic render a final decision designating the proper distributees of the property.

The court has carefully considered the remaining contentions raised by contestants but does not deem them substantial enough to warrant discussion.