PATRICIA STEVENS, Plaintiff

v.

TRACY PADMORE and MICHAEL DIXON d/b/a DIXON AUTO REPAIR, Defendants

Civil No. 720/1977

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

September 27, 1978

SAMUEL H. HALL, JR., ESQ., St. Thomas, V.I., *for plaintiff*

JOEL W. MARSH, ESQ., St. Thomas, V.I., *for Michael Dixon d/b/a Dixon Auto Repair*

WARREN H. WILLIAMS, ESQ. (STRIDIRON & WILLIAMS), St. Thomas, V.I., *for Tracy Padmore*

FEUERZEIG, *Judge*

## MEMORANDUM OPINION AND ORDER

The defendant in the above-captioned action, Michael Dixon, has filed a motion for costs pursuant to Rule 68 of the Federal Rules of Civil Procedure, 5 V.I.C. App. I, R. 68.[1] In support of his motion he submits an affidavit by counsel stating that an offer of judgment was delivered to opposing counsel on April 14, 1978, which was not accepted. Between April 14 and June 6, 1978, the date on which the court dismissed the complaint against Mr. Dixon, counsel claims to have expended some 22 hours in the preparation and handling of the case at a billing rate of $50.00 per hour. In addition, he claims $53.00 in costs were incurred by the defendant for messenger services, xerox charges and transcribing services in connection with the

---

[1] Rule 68, made applicable to this court pursuant to 5 V.I.C. App. IV, R. 7, provides:

OFFER OF JUDGMENT

At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against him for the money or property or to the effect specified in his offer, with costs then accrued. If within 10 days after the service of the offer, the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the clerk shall enter judgment. An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs. If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer. The fact that an offer is made but not accepted does not preclude a subsequent offer. When the liability of one party to another has been determined by verdict or order or judgment, but the amount or extent of the liability remains to be determined by further proceedings, the party adjudged liable may make an offer of judgment, which shall have the same effect as an offer made before trial if it is served within a reasonable time not less than 10 days prior to the commencement of hearings to determine the amount or extent of liability.

taking of a deposition. Defendant seeks a total reimbursement for these expenses.

The plaintiff opposes the defendant's motion. She argues that the issue of costs is controlled by 5 V.I.C. § 541(b), which dictates that an award of attorneys fees is discretionary with the court.[2] She maintains that the mandatory provisions of Rule 68 are not controlling because "where a statute and a rule conflict, the statute must control."

■ Although the law in this jurisdiction is that a rule that conflicts with a statute is void, Estate of Georg, 7 V.I. 298, 298 F.Supp. 741 (D.V.I. 1969), the issue is whether in fact there is a conflict between Rule 68 and 5 V.I.C. § 541. The court concludes there is not.

■■ Under Rule 68, the offeree *must* pay the *costs* incurred after the making of the offer if the offeror receives a judgment more favorable than the offer. The purpose of the rule is "to encourage settlements and to avoid protracted litigation," Staffend v. Lake Central Airlines, Inc., 47 F.R.D. 218, 219 (N.D. Ohio 1969), quoting 7 Moore's Federal Practice ¶ 68.02 at 2302 (2d ed. 1972), and to protect a party who is willing to settle from the burden of subsequent costs. Mr. Hanger, Inc. v. Cut Rate Plastic Hangers, Inc., 63 F.R.D. 607 (E.D.N.Y. 1974); Staffend v. Lake Central Airlines, Inc., supra; 12 Wright

---

[2] Costs are defined by 5 V.I.C. § 541 as follows:

    (a) Costs which may be allowed in a civil action include:
       (1) Fees of officers, witnesses and jurors;
       (2) Necessary expenses of taking depositions which were reasonably necessary in the action;
       (3) Expenses of publication of the summons or notices, and the postage when they are served by mail;
       (4) Compensation of a master as provided in Rule 53 of the Federal Rules of Civil Procedure;
       (5) Necessary expense of copying any public record, book, or document used as evidence on the trial; and
       (6) Attorney's fees as provided in subsection (b) of this section.
    (b) The measure and mode of compensation of attorneys shall be left to the agreement, expressed or implied, of the parties; but there shall be allowed to the prevailing party in the judgment such sums as the court in its discretion may fix by way of indemnity for his attorneys fees in maintaining the action or defense thereto.

& Miller, Federal Practice and Procedure § 3001 (1973). The rule fixes responsibility for costs incurred after the making of an offer, Nabors v. Texas Co., 32 F.Supp. 91 (W.D.La. 1940), and penalizes "obdurate litigants . . . for their obstinance." Todman v. Rabsatt, — V.I. — (D.V.I. 1978). Therefore, by allowing attorneys fees as a part of costs, early settlement of litigation is encouraged, the penalty for nonacceptance of a favorable offer is stiffened, and the purpose of Rule 68 is promoted.

The facts of the case sub judice serve to underscore the policy behind this construction of Rule 68. Plaintiff in November of 1977 initiated suit against defendants Padmore and Dixon, alleging that the former was individually liable for his torts and that the latter was liable on the grounds of respondeat superior. Thereafter, a settlement was reached and on March 22, 1978, a release was signed by the plaintiff and defendant Padmore, discharging the latter from all "claims and demands whatsoever in law or equity." As noted, the offer of judgment from defendant Dixon was not received until April 14, 1978, a full 23 days after the release was signed. The complaint ultimately was dismissed against Mr. Dixon because, as a matter of law, the plaintiff was not entitled to recover from him in view of the release that he gave to Mr. Padmore. Restatement (Second) of Torts § 885(3) (Tent. Draft No. 16, 1970). Had counsel for the plaintiff researched this point he would have realized early-on the weakness of his position and, presumably, would have been more inclined to settle. Instead, the plaintiff chose to proceed to a trial on the merits, and his action against the remaining defendant ultimately was dismissed.

■ Thus, while the facts clearly support inclusion of attorneys fees as a part of costs to be awarded to a "prevailing" offeror, Mr. Dixon may not recover his attorney's fees *in full* simply because an offer of judgment was served

pursuant to Rule 68. That Rule, in mandating that the offeree must pay the offeror's costs, does not supply a definition of costs. What is to be included as costs in the Virgin Islands is determined by 5 V.I.C. § 541 and under this statute attorneys fees are included. However, as construed by the Third Circuit Court of Appeals, an award of attorneys fees is intended to be

an indemnification of the prevailing party *for a fair and reasonable portion* of his attorney's fees incurred in the prosecution or defense of the action, *and not for the whole amount charged by the attorney,* especially if that amount is excessive under the facts of the case. (Emphasis added.)

Lucerne Investment Co. v. Estate Belvedere, Inc., 7 V.I. 242, 245, 411 F.2d 1205, 1207 (3rd Cir. 1969).

Consequently, Mr. Dixon may recover only a fair and reasonable portion of his attorneys fees. The 22 hours alleged to have been directed to this matter by defense counsel after the offer was made was more than was necessary in light of the settlement that had been reached.[3] Moreover, even if such an amount of time was necessary, the court believes that an award of $450.00 adequately will indemnify Mr. Dixon.

■ No other costs will be allowed. Messenger services, xerox charges and telephone calls are not awardable pursuant to 5 V.I.C. § 541. Todman v. Rabsatt, supra.

Plaintiff shall be entitled to an offset of costs and reasonable attorneys fees incurred in connection with the entry of default against defendant Dixon and its subsequent removal pursuant to this court's Order of March 22, 1978.

WHEREFORE, it is

ORDERED, ADJUDGED AND DECREED that defend-

---

[3] Clearly, the almost three hours spent in preparation for and in taking of the deposition of Tracy Padmore cannot be considered since this expenditure of time was made *before* the offer was made. Nor can the costs for the transcript of the deposition, even if paid after the offer, be considered. Todman v. Rabsatt, supra.

ant Dixon's motion for costs is granted and defendant is awarded costs in the amount of $450.00 from plaintiff, and it is

FURTHER ORDERED that plaintiff may offset against said costs any costs and attorney fees that may be awarded plaintiff pursuant to the Order of March 22, 1978, provided plaintiff submits an affidavit as required by the March 22, 1978, Order no later than October 6, 1978.